## 𝔚ytheville.

### GREGG V. SLOAN ET ALS.

#### July 13, 1882.

1. TRUST DEEDS—*Attachments—Priorities.*—Debtors in N C grant all their property, including *choses in action,* due from their debtors in V, and secured on land here. After recordation of deed in N C, but before its recordation in V, a creditor of grantors, living in V, attached the *choses* and the land securing them. In contest for priority—

HELD :

> The deed, *though unrecorded in V,* being prior to the attachment, prevails over it.

2. CHANCERY PRACTICE.—The trustees petitioned to be made parties to the attachment suit, but no order making them such had been entered. A decree, purporting to be "by consent of parties through their counsel," was rendered, ascertaining plaintiff's debt and directing sale of land conveyed to secure the *chose* attached, and payment in full of plaintiff's debt. The counsel differed as to the extent of "the consent" given. The trustees enjoined the execution of the decree of the attaching creditor, who answered. Both causes being heard together—

HELD :

> 1. The decree should have been set aside.
> 2. Injunction by new bill was not the regular mode to set aside the interlocutory decree of sale, but it was equivalent in substance, and allowable.

Appeal from decree of circuit court of Patrick county, in three suits heard together. In first, Mary D. Gregg was plaintiff, and Wilson & Shober, of North Carolina, and their Virginia debtors, Staples, Woolwine, Brown and Penn, were defendants. Its object was to collect debt due plaintiff by attaching money due the non-residents from their Virginia debtors. In second, S. D. Peeler was plaintiff, and same persons were defendants; and its object was the same. In

third, Sloan, Bowman and F. E. Shober were plaintiffs, and Mary D. Gregg and the parties to the two other suits, and A. M. Lybrook, commissioner to sell the land whereon the *ehoses in action* were secured, were defendants. These plaintiffs were trustees in trust deed executed by Wilson & Shober, conveying all their property, *including those choses in action,* for benefit of their creditors. That deed was recorded in North Carolina before, and in Virginia *after* the attachment of Mary D. Gregg was levied. The object of the last suit was to enjoin and set aside a decree in first suit, directing payment of Mary D. Gregg's entire debt out of the land whereon the *choses* attached were secured, and to assert the priority of the trustees' claim thereto through the trust deed over the attachment.

The circuit court set aside the decree, and awarded priority to the trustees. From its decree, Mary D. Gregg obtained an appeal to this court. The remaining facts are fully stated in the opinion of the court.

*A. M. Lybrook,* for the appellant.

*J. L. Moore* and *A. A. Phlegar,* for the appellees.

BURKS, J., delivered the opinion of the court.

The case upon the merits is, in substance, this—Wilson & Shober, residents of North Carolina, conveyed their property to Sloan and others in trust to secure the payment of their debts. The property conveyed included *choses in action* described in general terms, the evidences of which were delivered to the trustees at the date of the deed. One Nicholas Brown, among others, owed them a debt of considerable amount, and the terms of assignment in the deed were broad enough to cover and did cover this claim. The debt was secured by a deed of trust given by Brown

on a tract of land in Virginia, and the assignment of the debt to Sloan and his co-trustees carried with it, by operation of law as an incident, the security of Brown's trust deed. *McClintic* v. *Wise's Adm'r and others,* 25 Gratt. 448; *Grubbs* v. *Wysors,* 32 Gratt. 127, 131.

Mrs. Gregg (the appellant here) by bill in chancery attached (among other subjects) the debt of Brown to Wilson & Shober, and ostensibly the land which had been conveyed as aforesaid to secure it.

The deed of Wilson & Shober to Sloan and others, trustees, though recorded in North Carolina before Mrs. Gregg instituted her suit, was not duly admitted to record in Virginia until after the attachment was levied. Upon this state of facts, the main question in the case on the merits is, whether the attachment, or the Wilson & Shober deed of trust gives the prior and superior lien on the Brown debt with its security.

The circuit court, by its decree, decided that the deed of trust was entitled to priority, and we think the decision is plainly right. The assignment by the deed was prior to the institution of the suit by Mrs. Gregg, and consequently to the levy of her attachment, and under the law, the attaching creditor takes his debtor's estate or interest only, and in the same plight and condition in which the debtor holds it when the attachment takes effect as a lien. *Williamson* v. *Gayle and others,* 7 Gratt. 152, 154.

Now, before Mrs. Gregg levied her attachment on the Brown debt and its security, Wilson & Shober had assigned the debt, and the law transferred the security to Sloan and his co-trustees. These trustees and the beneficiaries under the deed of assignment stand in the attitude of purchasers for value. This general proposition has been often decided by this court. See *Williams and others* v. *Lord & Robinson and others,* 75 Va. Rep. (1 Matthews), 390, 404, and cases there cited. The only interest of Wilson & Shober, at the date

of the levy of the attachment, was the equity of redemption under the trust deed; that is, the surplus, if any, after the secured debts were paid. The levy bound that interest and nothing more.

The rights of the trustees were not affected by our recording acts. For it has been expressly decided by this court that those acts do not embrace assignments of choses in action, whether such assignments be special or general as by deed of trust. *Kirkland, Chase & Co.* v. *Brune and others,* 31 Gratt. 126.

The failure, therefore, to record the Wilson & Shober deed of trust in Virginia, did not affect the title of the trustees under that deed to the Brown debt and its incidental security.

The decree being right on the merits, let us inquire whether the remaining objections are sufficient to overturn it.

The first is, that the decree of the October term, 1879, in behalf of Mrs. Gregg, which the court enjoined and then set aside, was a decree by consent of parties, and even if erroneous, could not be disturbed by the court.

Only a part of the decree purports to be by consent— "consent of parties through their counsel"—as it states. We think this can be properly construed only as the consent of the parties to the cause. The trustees were not then parties. Although they had previously filed a petition to be made parties, the petition had never been acted upon. Besides, the only part of the decree that purports to be by consent is that which adjudges that Mrs. Gregg recover her debt of Wilson & Shober personally. That does not affect the rights of the trustees. The residue of the decree which does injuriously affect their rights does not appear to be by consent. If we may look outside of the decree to extrinsic testimony as evidence of consent, we find it very unsatisfactory. Evidently Mr. Tompkins (counsel for

the trustees at that time) and Judge Lybrook (Mrs. Gregg's counsel) did not have the same understanding of the matter. This is manifest from the statements they make, and a decree so palpably unjust ought not to be permitted to stand on mere consent, unless such consent be established by the clearest and most convincing proof. We have not such proof in this case.

But, in the next place, it is argued that even if the decree of October, 1879, was not by consent and there was error in it, the error could not be corrected in the mode adopted.

We are of opinion that although the method pursued may have been somewhat irregular, yet it was substantially correct. Mrs. Gregg had attached property on which the trustees had a prior and paramount incumbrance. She had obtained an interlocutory decree for the sale of it to pay her debt. The trustees surely had the right to intervene for the protection of their interests. Indeed, Mrs. Gregg should in the first instance have made them parties to her suit, if she knew of their claim. They were necessary parties. Therefore they had the right to come into the cause, not only to resist her claim, but also to assert their own. The proper mode, we apprehend, would have been to file a new or amended petition, with the view to enjoin the execution of the interlocutory decree and to be made parties to the pending suit, and, upon being admitted, to file their answer to the bill by way of defence, and then, upon liberty granted for the purpose, to file a cross-bill for relief. This was not the form of proceeding adopted, but what was done was equivalent to it in substance and effect. In such a case, the bill filed by the trustees (which was sworn to) may be treated as an answer by way of defence to Gregg's bill, and at the same time as a cross-bill asserting the claim of the complainants to counter relief in the same cause. For, so dealing with the proceedings, we find a striking precedent in the somewhat analogous case of

*Klye's Ex'or* v. *Kyle,* 1 Gratt. 540, 545, wherein the court gave to the bill "the double function of an answer to the original bill, and a cross-bill impeaching the title of the plaintiff and the proceedings in the original suit." See also *Mettart's Adm'r* v. *Hagan,* 18 Gratt. 231, 234; *Cralle and others* v. *Meem and others,* 8 Gratt. 496, 531.

Upon the allegations in the bill of the trustees, it would seem proper that Peeler, another attaching creditor by independent suit, should have been, as he was, made a party. The question made between him and the trustees was not decided, but reserved, in the decree appealed from.

Upon the whole matter, we are of opinion that there is no error in the decree to the prejudice of the appellant, and that the decree should be affirmed.

The separate appeal by S. G. Staples from the same decree has been "dismissed agreed," and the affirmance now will be without prejudice to his rights and the rights of others under any adjustment which may have been made by and among themselves.

DECREE AFFIRMED.