ASKEW *et al., Appellants,* v. THE LA CYGNE EXCHANGE BANK ; MOORE, *Assignee, Interpleader.*

**Voluntary Assignment :** EXTRA-TERRITORIAL EFFECT : PRIORITY.    A voluntary assignment for the benefit of all the creditors of the assignor made in another state will pass to the assignee personal property situated in this state and such assignment, if not in conflict with the laws of this state, will have priority over the claims of subsequent attaching creditors here.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

. AFFIRMED.

*Karnes & Ess* for appellants.

The assignment laws of the state of Kansas ought not to be given extra-territorial force.   It is only out of considerations of comity that foreign assignments will be respected here.   Where the rights of creditors have intervened as by attachment they should be entitled to

priority as against the foreign assignee. Rorer on Inter-State Law, pp. 138, 9 ; 2 Kent's Com. p. 406 ; *Einer v. Beste*, 32 Mo. 240 ; *Thurston v. Rosenfield*, 42 Mo. 474 ; *Bryan v. Brisden*, 26 Mo. 423 ; *Greene v. Van Buskirk*, 5 Wall. 307 ; *Johnson v. Parker*, 4 Bush (Ky.) 149.

*Gage, Ladd & Small* for respondent.

It is believed that the precise question upon which this case turns has not been passed upon by this court, but in other states the exact question has been settled in favor of the respondent. *Bank v. Gettinger*, 3 W. Va. 309 ; *Greggs v. Sloan*, 76 Va. 497 ; *Miller v. Kernaghan*, 56 Ga. 155 ; *Princeton Manfg. Co. v. White*, 68 Ga. 96 ; *Walters v. Whitlock*, 9 Fla. 86 ; *Johnson v. Sharp*, 31 Ohio St. 619 ; *Hanford v. Paine*, 32 Vt. 442 ; *Means v. Hapgood*, 19 Pick. 105 ; *May v. Wannemacher*, 111 Mass. 202 ; *Speed v. May*, 17 Pa. St. 91 ; *Law v. Mills*, 18 Pa. St. 185 ; *Ackerman v. Cross*, 40 Barb. 465 ; *Same Case*, 54 N. Y. 29. The decisions of the United States courts are in the same line. *Caskie v. Webster*, 2 Wallace Jr. 131 ; *J. M. Atherton Co. v. Ives*, 20 Fed. Rep. 894. In the case last cited Judge Barr comments upon the case in 4 Bush cited by the appellants. Burrill on Assignments (3d Ed.) chap. 23. It is submitted that in this case, where by the assignment no injustice was done the appellants, but where they stand upon the same footing with all the other creditors of the assignor, the overwhelming weight of authority is in support of interpleader's title and that the judgment should be affirmed.

EWING, C.—The appellants, on the 27th of February, 1880, brought this suit against the La Cygne Exchange Bank, a banking corporation created under the laws of the state of Kansas, and theretofore doing business as such at La Cygne in that state. The suit was by attachment, and notice of garnishment was on the same day served

on the Merchant's National Bank of Kansas City, as garnishee. In due time the garnishee answered, stating that at the time the notice was served, it had in its possession the notes of several parties which had been placed in its hands by the Kansas bank as collateral security for a debt owing by the latter to the garnishee.

After this answer was filed, the respondent, Moore, as assignee of the Kansas bank, filed his interplea, claiming to be the owner of the notes, subject only to the lien of the pledge mentioned in the garnishee's answer. The appellants answered to the interplea denying the claim set up. The garnishee's answer was taken as true by all the parties to the suit, and the contest between the appellants and respondent was over the surplus which it was supposed would remain in the hands of the garnishee after the payment of the debt due to it.

The issue between the interpleader and appellants was tried by the court without a jury upon the facts as agreed upon by the parties, and which were substantially as follows:

The La Cygne Exchange Bank was a banking corporation organized under the laws of the state of Kansas, and had been doing business as such at La Cygne in the county of Miami, in said state, since the year 1876. At noon on February 25, 1880, the bank made an assignment of all its property and effects for the benefit of all its creditors. This assignment was made in conformity with the laws of the state of Kansas upon that subject. Immediately upon the making of the assignment the assignee took possession of the property and effects. The interpleader is the assignee, and undertook the execution of his trust, and that all the proceedings of the assignee subsequent to the making of the assignment had been in strict conformity to the laws of the state of Kansas; that the property attached in the garnishee's hands had been pledged to the garnishee bank by the debtor bank long before the assignment, as collateral security for certain debts due by the latter to the former; that the appellants

were residents and citizens of Missouri; the garnishee bank was located in Missouri and the debt payable in Missouri. The laws of the state of Kansas governing assignments for the benefit of creditors were made part of the case, and were in all material matters substantially the same as those of Missouri upon the same subject.

The court refused to declare the law to be that upon the pleadings and evidence the interpleader could not recover, and made its finding for the assignee (the interpleader), and rendered judgment accordingly. The attaching creditors took this appeal.

It will be seen that the precise legal proposition we have to decide is this: Does a voluntary assignment, for the benefit of all the creditors of the assignor made in the state of Kansas, of the debt due from a citizen and resident of this state, to the assignor, a resident of Kansas, pass the debt to the assignee at the time of the assignment, · so as to defeat a subsequent attaching creditor of the assignor in this state, whose attachment is issued and the debtor of the assignor garnished after the making of the assignment?

There has been much discussion of questions similar to this, but it will neither be necessary nor profitable to undertake a thorough review of the conflicting adjudications. The case of *Bryan v. Brisbin*, 26 Mo. 423, is similar to the one at bar, with the important exception that in that case the deed of assignment was in conflict with the laws of Missouri, and could not have been enforced here, while it is admitted that the assignment in the case at bar would be valid in Missouri. In *Einer v. Beste*, 32 Mo. 240, the plaintiff and defendant were both residents of Louisiana. The defendant was insolvent, and had instituted proceedings for discharge under the insolvent laws of Louisiana. The plaintiff, by a suit of attachment in this state, sought to obtain priority of the other creditors. · After a somewhat exhaustive review of the authorities, Judge Ray held that the assignment was good as against this attaching creditor. The same ques-

tion was similarly decided by this court in *Thurston v. Rosenfield*, 42 Mo. 474.

In *Ackerman v. Cross*, 54 N. Y. 29, it is held that a voluntary assignment by a debtor residing in another state, valid by the laws of that state, and not in conflict with any law of New York, operates as an assignment of the debtor's property in New York, and the assignees can hold the same against attaching creditors of the debtor. See, also, 40 Barb 465, to the same effect.

In *Speed v. May*, 17 Pa. St. 91, it was held that "a voluntary assignment made by the owner in Maryland who resided there, passed property in Pennsylvania to the assignee as against an attachment subsequent to the assignment." The same question is similarly decided in *Hanford v. Paine*, 32 Vt. 442; *Gatewood v. Whitlock*, 9 Fla. 86; *Miller v. Kernaghan*, 56 Ga. 155; *Gregg v. Sloan*, 76 Va. 497; *Law v. Mills*, 18 Pa. St. 185; *Johnson v. Sharp*, 31 Ohio State 611; *May v. Wannemacher*, 111 Mass. 202; *Caskie v. Webster*, 2 Wall. Jr. 131.

Mr. Justice Story, in discussing the question (Story on Conflict of Laws, sec. 411) says: "There is a marked distinction between a voluntary conveyance by the owner, and a conveyance by mere operation of law, in cases of bankruptcy, *in invitum*. * * * In place of a voluntary conveyance of the owner, all that the legislature of a country can do, when justice requires it, is to assume the disposition of his property *in invitum*. But a statutable conveyance made under the authority of any legislature cannot operate on any property except that which is in its own territory. This makes a solid distinction between a voluntary conveyance of the owner, and an involuntary legal conveyance by the mere authority of law. The former has no relation to place; the latter on the contrary has the strictest relation to place." And he concludes by saying: "It is, therefore, admitted, that a voluntary assignment by a party, according to the law of his domicile, will pass his personal estate, whatever may be its locality, abroad as well as at home. But it by no

means follows that the same rule should govern in cases of assignments by operation of law." See note 2, to this section. Such an assignment would, if valid when made, be upheld in the state where the property is found, unless its operation is limited or restrained by some law or policy of the latter. 32 Vt., *supra*; 54 N. Y., *supra*. Burrill on Assignments, secs. 302 and 309, maintains the the same general doctrine.

A contrary doctrine seems to prevail according to some authorities cited by the appellant. One is the case of *Johnson v. Parker*, 67 Ky. 149; but that is virtually overruled by a much later decision (1884, *Atherton v. Ives et al.*, 20 Fed. Rep. 894), where the general rule as referred to is maintained. He also refers to other cases seemingly irreconcilable. But notwithstanding, we think it may be assumed from the weight of authority that the true rule is : that *involuntary* assignments by operation of law do not operate beyond the territory of the state under the laws of which such compulsory assignment may be made; but that *voluntary, bona fide* assignment of personal property, wherever situated, passes it to the assignee, at the time of the assignment, and will have priority over subsequent lienors; provided it is not in conflict with some positive or customary law of the state where the property may be located.

It is admitted in this case that the assignment laws of Kansas and Missouri are substantially similar. That the assignment under consideration would be valid if made in this state. It also appears that the attaching creditor can claim no preference over the general creditors in point of merit. We must, therefore, hold that the assignee will take the property in preference to the attaching creditor, and there is nothing in the law nor in inter-state comity which would justify the courts of this state in holding otherwise. The judgment below is, therefore, affirmed. All concur.