Filed Feb. 10, 1885.

———————◆———————

No. 10,774.

WOOLSON, ASSIGNEE, *v.* PIPHER ET AL.

VOLUNTARY ASSIGNMENT.— *Possession of Goods.*— *Intervening Liens.*—The voluntary assignment of his goods by a failing debtor, for the benefit of his creditors, where the possession of the goods is not delivered to nor taken by the assignee, will not defeat the intervening liens of attaching creditors before the consummation of such assignment by the delivery of possession of the goods to the assignee.

From the Martin Circuit Court.

*T. M. Clarke,* for appellant.

HOWK, J.—The appellant, Woolson, as assignee in the voluntary assignment of F. W. Tipton & Co., commenced this action in the court below against the appellee Pipher, as the sheriff of Martin county, and a large number of other persons, attaching creditors of the firm of F. W. Tipton & Co. The object of the action was to recover the possession of a stock of merchandise, lately before the property of F. W. Tipton & Co., which had been seized by and was in the possession of appellee Pipher, as such sheriff, at the suit of his co-appellees, attaching creditors of F. W. Tipton & Co. The cause was put at issue and tried by the court, and a finding was made for the appellees, the defendants below, and, over appellant's motion for a new trial, the court adjudged that he take nothing by his suit, and that the appellees recover of him their costs.

Error is assigned here by the appellant which calls in question the decision of the circuit court in overruling his motion for a new trial. He has also assigned as error the overruling

Woolson, Assignee, *v.* Pipher *et al.*

of his motion in arrest of judgment. But his motion in arrest only questioned the sufficiency of his own complaint, and, as the insufficiency of his complaint would afford him no ground for the reversal of the judgment, we need not consider this supposed error. *Hansher* v. *Hanshew*, 94 Ind. 208.

In appellant's motion for a new trial the only causes assigned therefor were, (1) that the finding of the court was not sustained by sufficient evidence, and (2) that such finding was contrary to law. The case is presented here, therefore, wholly upon the evidence. Did the appellant, the plaintiff below, show by sufficient evidence that he was entitled, as against the appellees, at the time he commenced this suit, to the possession of the goods and chattels described in his complaint? This is the question we are required to consider and decide in this court. The appellees' counsel have not favored us with any brief or argument in support of the decision and judgment of the trial court. Appellant's counsel, in his brief of this cause, says: " Our court decided that to render an assignment effective to pass property in this State, whether executed in this State or not, the provisions of section 2663, R. S. 1881, must in all things be complied with, and especially the provision that the indenture shall, within ten days after the execution thereof, be filed with the recorder of the county, '*where the goods are situated.*' In this we think the court erred; section 2663 requires nothing of the kind. It does require that the indenture shall be filed with the recorder of the county '*in which the assignor resides.*' "

It may possibly be that the trial court made the decision imputed to it by appellant's counsel; but the record of this cause, by which alone this appeal must be determined, does not disclose any such decision. It is shown by the record that the trial court admitted all the evidence offered by either the appellant or the appellees; that upon the evidence the court found for the appellees, and that the court overruled the appellant's motion for a new trial, and rendered judgment upon

its finding. The court's reasons for making these decisions are not stated in the record.

Over the appellees' objections, the appellant first gave in evidence a certified copy of an indenture of assignment, purporting to have been executed to him on the 11th day of September, 1882, in the county of Licking and State of Ohio, by F. W. and J. C. Tipton, partners in trade under the firm name of F. W. Tipton & Co., by which indenture the said firm sold, assigned and transferred to the appellant "all and singular the goods, chattels, choses in action, evidences of debt, claims, demands, property and effects, of every description, belonging to them, wherever the same might be situated," in trust for the benefit of each and all of their creditors. The indenture purported to have been acknowledged, on the day of its date, before a notary public of Jefferson county, Ohio, and, on September 13th, 1882, appellant's acceptance in writing of the trust appeared to have been endorsed on the indenture. The copy of the indenture appeared to have been certified by the judge and *ex officio* clerk of the probate court of Licking county, under his hand and the seal of the court. Appellant then gave in evidence a certified copy of his bond as assignee, filed in the probate court of Licking county, and a certified copy of his letters of authority, as assignee, issued by such probate court. Appellant then offered to prove, and the appellees admitted, that he, as such assignee, was in Shoals, in Martin county, and was in actual personal possession of the goods described in the complaint, under the aforesaid assignment, on the 17th day of September, 1882, when possession thereof was taken from him by appellee Pipher, as sheriff, under writs of attachment in favor of his co-appellees, and, further, that the goods so described were the identical goods assigned to appellant by F. W. and J. C. Tipton.

Appellees then offered to prove, and the appellant admitted, that the writs of attachment, issued to appellee Pipher as sheriff, and upon which he had taken and then held possession of the goods in controversy, were delivered to appellee Pipher as

sheriff of Martin county, on the 16th day of September, 1882, and prior to the time the appellant was put in actual possession of such goods. This was all the evidence given in the cause.

We are of opinion that upon this evidence the appellant was not entitled to recover the possession of the goods in controversy. The several writs of attachment in the hands of the appellee Pipher, as sheriff, were valid and subsisting liens upon the assignor's goods, in Martin county, at and before the consummation of their voluntary assignment thereof by delivery to the appellant. Section 922, R. S. 1881. The cause was tried and determined below about two months after the seizure of the goods by the sheriff, and yet the appellant did not prove, nor offer to prove, that he had ever complied with any of the provisions of the statute of this State in relation to voluntary assignments. It is certain, we think, that the mere written assignment of the goods, executed as it was in another State, did not give the appellant any such title to the property as would defeat the liens of the attaching creditors of the assignors. Possession of the goods was indispensable to the perfection of appellant's title, and, before the delivery of possession to him, the liens of the attaching creditors on the goods intervened.

The motion for a new trial was correctly overruled.

The judgment is affirmed, with costs.

Filed Feb. 21, 1885.