Union Savings Bank and Trust Co. *et al. v.* Indianapolis Lounge Co.

---

## Union Savings Bank and Trust Company et al.
### *v.* Indianapolis Lounge Company.

[No. 2,123. Filed Oct. 8, 1897. Rehearing denied May 25, 1898.]

Trusts.—*Competency of Trustee.—Presumption.—Conflict of Laws.*— The courts of this State will presume that a corporation appointed in another state as a co-trustee in an assignment for the benefit of creditors was competent to act. *p. 327.*

Banks and Banking.—*General Deposits.*—A bank and a general depositor stand in the relation of debtor and creditor, and a general assignment for the benefit of creditors by such depositor does not transfer to his assignee the possession of the identical money deposited. *p. 328.*

Attachment.—*Bank Deposit.—Assignment for Benefit of Creditors.*— A general assignment for the benefit of creditors by a resident of another state, according to the law of such state, passes to the assignee title to a general deposit of money in a bank in this State, and such deposit cannot be attached by a creditor of assignor in this State. *pp. 328-333.*

From the Marion Superior Court. *Reversed.*

*Claypool & Claypool,* for appellants.

*T. S. Rollins,* for appellee.

Robinson, J.—Appellee brought suit in attachment and garnishment. The Indiana State Bank answered

as garnishee that it had in its custody the sum of $329.40 belonging to appellant Commercial Bank of Cincinnati, Ohio. William H. Campbell, trustee, and the Union Savings Bank and Trust Company of Cincinnati, Ohio, assignee and trustee of said Commercial Bank, asked leave to be made parties defendant and to answer the complaint, which was granted. This answer was held insufficient against a demurrer, and this ruling is the only question presented. The answer alleges in substance, that on the 27th day of March, 1895, the Commercial Bank of Cincinnati, Ohio, made a general assignment of all its lands, tenements, hereditaments, and appurtenances, goods, chattels, stocks, promissory notes, debts, choses in action, evidences of debt, claims, demands, property and effects of any and every description, belonging to said bank, wherever the same may be situated, "except property exempted by law," to William H. Campbell, in trust for the benefit of all its creditors, said assignment being under and pursuant to the laws of the state of Ohio, and for the benefit of all its creditors; that said trust was duly accepted in writing; that said deed of assignment was duly executed and filed for record on said date; that on the 28th day of March, 1895, said Campbell appeared, and gave bond, and entered upon his duties as such assignee and took possession of all the books, notes and other evidences of indebtedness, and of all the real and personal property assigned to him under said deed of assignment, and has continued ever since said date of March 28, 1895, in actual possession and control of said books, notes and other evidences of indebtedness and property belonging to said bank, except since the 6th day of April, 1895, he has held said possession in connection with the Union Savings Bank and Trust Company of Cincinnati, a co-trustee, duly appointed by said court,

Union Savings Bank and Trust Co. *et al.* *v.* Indianapolis Lounge Co.

with said Campbell, to carry out and discharge the terms of said trust; that said Campbell and said savings bank were at and prior to the filing of this action the owners, and as assignees, in possession of said sum of $329.40 which was held in trust for them by the State Bank of Indiana and are entitled to continue to hold possession and control thereof. The law of Ohio relating to assignments, is embodied in the answer. The deed of assignment was acknowledged and filed for record on the day of its date, March 27, 1895, before a notary public of Hamilton county, Ohio, and on the same date the trustee accepted the trust. This suit was brought on the 29th day of March, 1895.

Counsel for appellee argue that the name "Union Savings Bank and Trust Company" imports a corporation, and that as a corporation, at common law, could not act as trustee, the answer should have pleaded the Ohio statute on that subject. While the name may import a corporation, yet we must presume that the company, having been appointed a co-trustee by the Ohio court, was competent to act as such co-trustee.

It is argued that as the pleading shows that the deed of assignment excepts such property as is by law exempt, it should negative the presumption that the property garnisheed is exempt. If the deed of assignment undertook to exempt certain property and failed, we cannot see upon what ground any one except the assignor could complain. If no property was excepted by the assignor, the creditors certainly could not complain.

It is further argued that the answer fails to show that the assignee had possession of the money in controversy prior to the bringing of the attachment and garnishment proceedings. It appears from the answer that the assignment was perfected in accordance

with the provisions of the Ohio law governing general assignments for the benefit of creditors, and that the assignee had taken possession of the property assigned.

As it does not appear that the money in the Indiana State Bank belonging to the Ohio bank was a special deposit, it follows that there could have been no transfer of the possession of the identical money. The Ohio bank and the Indiana bank, prior to the assignment, stood in the relation of creditor and debtor. The Ohio bank had no claim on the particular money, but had a claim on the Indiana bank for a like amount of money. *McLain* v. *Wallace,* 103 Ind. 562; *Fletcher* v. *Sharpe,* 108 Ind. 276; *Harrison* v. *Wright,* 100 Ind. 515, 50 Am. Rep. 805; *Hamilton* v. *Toner,* 17 Ind. App. 389.

Considering the relation existing between the Ohio bank and the Indiana bank as that of creditor and debtor, the question presented by the case at bar is whether a voluntary assignment for the benefit of all creditors of a debt due from the Indiana bank to the assignor living in Ohio, in which state the assignment is made, passes the debt so as to defeat a subsequent attaching creditor of the assignor in Indiana, who, subsequent to the assignment, garnishees the Indiana bank. The statute in this State providing for assignments requires that the deed of assignment shall, within ten days after its execution, be filed with the recorder of the county in which the assignor resides, whose duty it shall be to record the same as deeds are recorded, and that no assignment shall convey to the assignee any interest in the property so assigned until such assignment is recorded as the act provides. There is no provision in the statute concerning the steps to be taken by the assignee, under a foreign assignment, of a nonresident assignor who assigns property situated in this State. A deed of assignment conveying

real estate would probably be governed by our registry laws in so far as having the deed recorded. But, in so far as personal property is concerned, the law of this State gives no directions. It has been held by our courts that a foreign assignment does not vest the title to a stock of goods situated in this State in the assignee until the assignee has taken actual possession. *Woolson* v. *Pipher,* 100 Ind. 306. But in the case at bar, the only tangible thing the possession of which the Ohio bank could transfer to the trustee was some evidence of the debt owing the assignor by the Indiana bank. To the final taking possession by the assignee no stricter rule applies than in case of ordinary purchase. *Sullivan* v. *Smith,* 15 Neb. 476, 19 N. W. 620. The thing assigned was a chose in action, and could have no *situs* other than that of the Ohio bank. It cannot be said that it had any actual *situs* in Indiana. If a tender should have been required, it must have been made to the Ohio bank, and if the validity of the transfer by the assignor to the assignee should be questioned, it must be determined by the Ohio law. *United States* v. *Bank of U. S.,* 8 Rob. (La.) 401; Burrell Assignments (6th ed.), section 282; Story Confl. Laws, section 383, *et seq.*

The assignment, when perfected under the Ohio statute, was simply a voluntary conveyance and could have no greater effect than any other conveyance so far as passing title to the property assigned is concerned. As the assignment under the Ohio law was complete, it passed the title to all the assignor's property to the assignee located in Ohio, and also all property located in Indiana, unless some statute in the latter State prevented it. And as there is no Indiana statute prescribing the duties of a foreign assignee to whom has been assigned personal property in this State, the assignment, valid by the laws of Ohio, upon the princi-

ples of public policy and judicial comity, passed the title to the property in question by the assignment before the inception of the attachment and garnishment. This rule would not apply, as we have seen, where the property located in this State was tangible property, capable of actual possession, but in this case the deed of assignment carries choses in action and evidences of debt whose actual *situs* was at the domicil of the assignor and the possession of which was transferred to the assignee before the attachment proceedings were begun. It cannot be said that such a holding is denying the right of a vigilant creditor to collect his debt. The assignor had put his property in the hands of a court to be distributed through the assignee to all his creditors, and courts will be liberal in protecting the equal rights of all creditors.

In *Caskie* v. *Webster*, 2 Wall. Jr. 131, the court, by Grier, J., said: "A debt is a mere incorporeal right. It has no *situs,* and follows the person of the creditor. A voluntary assignment of it by the creditor, which is valid by the law of his domicil, whether such assignment be called legal or equitable, will operate as a transfer of the debt which should be regarded in all places." In *Wilson* v. *Carson*, 12 Md. 54, an assignment for the benefit of creditors made in Kentucky, which was not against the policy of the Maryland laws, although not recorded in Maryland as required in case of Maryland assignments, was upheld as against a subsequent attachment by a Maryland creditor. In *Gregg* v. *Sloan*, 76 Va. 497, an assignment made in North Carolina, including a debt and mortgage in Virginia, although not recorded in Virginia, was held good as against a subsequent Virginia attachment. In *Princeton Mfg. Co.* v. *White*, 68 Ga. 96, a voluntary assignment in New York, not repugnant to Georgia laws, although the assignment contained

preferences, was held valid in Georgia as against a
subsequent garnishment by Georgia creditors. In
*Frazier* v. *Fredricks*, 24 N. J. L. 162, a voluntary as-
signment for creditors valid in the state where made,
and which did not contravene the statutes or policy of
the laws of New Jersey, was upheld against an attach-
ment by a New Jersey creditor. In *Askew* v. *La Cygne
Exch. Bank*, 83 Mo. 366, 53 Am. Rep. 590, a voluntary
assignment for creditors made in Kansas, was held to
pass personal property in Missouri as against a subse-
quent attachment by a Missouri creditor. In *Zuppann*
v. *Bauer*, 17 Mo. App. 678, an assignment made in an-
other state was upheld in Missouri as against the sub-
sequent attachment of a debt in that state. In *Van
Wyck* v. *Read*, 43 Fed. 716, an assignment for the bene-
fit of creditors in New York by one citizen of that state
to another, which was valid in that state, was held to
transfer to the assignee the title to a note and mort-
gage to secure it on land in Florida, so as to defeat a
subsequent attachment by Florida creditors.

It is argued that notice of the assignment had not
been given to the Indiana bank prior to the attach-
ment proceedings, but we are not informed how notice
to the debtor of the assignor could affect the rights
of the attaching creditor. "The object of giving no-
tice of the assignment," says Burrill in his work on
Assignments (section 338), "is to give publicity to the
transaction for a two fold purpose—to apprise the
creditors of the transfer and to instruct them as to
their proceedings to obtain its benefit; and to inform
the debtors of the assignor and persons having moneys
or property belonging to him in their hands to whom
they are to account and to pay and deliver the same."

In *Guillander* v. *Howell*, 35 N. Y. 657, Peckham, J.,
said: "A chose in action cannot surely be said to have
any actual *situs* in the place where the debtor resides

—as a general principle, it is payable at the residence of the creditor, if not expressed otherwise, and a tender to be good must be made to the creditor. There would seem, therefore, to be no sound basis for the debtor's state, to legislate exclusively as to the legality of a transfer of that debt, made by a foreign creditor. In such case, as in all others, where the property transferred does not actually lie within the jurisdiction of another government, a sale or a contract, valid where made, is valid everywhere." See *Mowry* v. *Crocker*, 6 Wis. 326; *Smith* v. *Chicago, etc., R. W. Co.*, 23 Wis. 267; *Warner* v. *Jaffray*, 96 N. Y. 248; *Walters* v. *Whitlock*, 9 Fla. 86, 76 Am. Dec. 607; *Burrill's Assignments*, sections 242, 340; *Princeton Mfg. Co.* v. *White*, 68 Ga. 96.

As we have seen, the assignment was made according to the Ohio law, and was valid and binding in that state. There is nothing in the deed of assignment repugnant to the laws of this State such as would make it illegal were it intended to be enforced here. It was a general assignment for the benefit of all the creditors of the assignor, and our law recognizes the right of a debtor, in insolvent circumstances, to make an assignment of all his property to an assignee in trust for the benefit of all his creditors.

We think the deed of assignment was broad enough to carry the chose in action in controversy in this suit. The only possession of the debt owing to the Ohio bank by the Indiana bank that could be given was by delivering the evidence of the debt. The assignee had taken possession before the attachment proceedings were begun. The interest of the assignor had been devested, and when the attachment issued, there was nothing for it to reach. The beneficial interest was at that time vested in the assignee. From

what we have said it follows that the demurrer to the answer should have been overruled. Judgment reversed.          °