GRAY ET AL., RECEIVERS, v. COVERT, SHERIFF, ET AL.

[No. 3,204.  Filed November 27, 1900.]

RECEIVERS.—*Appointment in Another State.—Foreign Corporation.— Attachment.*—A receiver appointed for a foreign corporation in another state does not thereby acquire such title to the property of the corporation situate in this State as to defeat an attachment subsequently issued at the instance of a creditor by a court in this State.

From the Vanderburgh Superior Court.  *Affirmed.*

*J. G. Owen, H. M. Logsdon, H. Mason* and *A. J. Veneman,* for appellants.

*G. A. Cunningham,* for appellees.

COMSTOCK, J.—The controversy in this case arises between the appellants as receivers, and the appellee, Mitchell, Tranter & Company, an attaching creditor of the Herring-Hall-Marvin Company.  But a single question is involved: Does a receiver appointed for a foreign corporation in another state thereby acquire such title to the property of the corporation situate in this State as to defeat an attachment subsequently issued at the instance of a creditor by the courts of this State?

The Herring-Hall-Marvin Company is a foreign corporation organized under the laws of the state of New Jersey. On December 23, 1897, the appellants were appointed its receivers by the circuit court of the United States for the district of New Jersey.  The bond and oath of the receivers are set out in the record and bear date December 24, 1897. It also appears, although at what date is not shown by the record, that one Samuel Fitton was appointed receiver by the court of common pleas of Butler county, in the state of Ohio, in a suit brought by William and Moses Mosler.  This cause was removed to the circuit court of the United States for the southern district of Ohio, western division, and the

Honorable William H. Taft, judge of that court, on December 31, 1897, removed Fitton and appointed the appellants as receivers in his place. It also appears from the record that the appellants had been appointed receivers in New York, Pennsylvania, and Kentucky. So far as the record shows, no receiver was ever appointed or applied for in the State of Indiana.

The appellee, Mitchell, Tranter & Company, being a creditor of the Herring-Hall-Marvin Company, on December 30, 1897, filed its complaint, affidavit, and bond in the superior court of Vanderburgh county, and on the same day caused an attachment to issue, which came into the hands of the sheriff of said county. The sheriff having levied on and taken into his possession the property of the Herring-Hall-Marvin Company involved in this suit, the appellants, as receivers of the company, on May 27, 1898, brought their suit in the court below to recover from the sheriff and Mitchell, Tranter & Company possession of this property.

The cause was submitted to the court, who found for the defendants and rendered judgment accordingly. A motion for a new trial assigning as causes that the decision of the court was contrary to law and not sustained by sufficient evidence was overruled, and this ruling is the only error assigned by the appellants.

Recognizing the rule of the appellate courts of this State that a judgment will not be reversed upon appeal, upon the evidence only, when it fairly tends to sustain the finding of the court or the verdict, counsel for appellant insist that in the case at bar there is no evidence to sustain the finding and judgment of the trial court. They contend that the appointment of appellants as receivers of said company, it being effected upon the petition of the president pursuant to a resolution of the board of directors of the company, constituted a voluntary assignment, being equivalent to an assignment by a voluntary deed of assignment of all the company's property for the benefit of its creditors without the

Gray, Rec., *v.* Covert.

intervention of a court; that such appointment had the
effect of transferring to them all of the property of the
insolvent corporation wherever situate, so as to defeat ap-
pellees' claim under the attachment issued. This claim is
based upon the statute of New Jersey, by authority of which
the receivers were appointed, proof of which was made and
which provides: "All the real and personal property of an
insolvent corporation, wheresoever situated, and all its fran-
chise, rights, privileges and effects shall, upon the appoint-
ment of a receiver, forthwith vest in him, and the corpora-
tion shall be divested of the title thereto."

Counsel for appellant quote from *Union Savings Bank* v.
*Lounge Co.,* 20 Ind. App. 325 ; *Hurd* v. *City of Elizabeth,*
41 N. J. L. 1. In *Union Savings Bank* v. *Lounge Co.,*
*supra,* it is held that a general assignment for the benefit of
creditors, by a resident of another state, in conformity to the
laws of such state, passes to the assignee title to a general
deposit of money in a bank in this State, and that such de-
posit can not be attached by a creditor of the assignor in this
State. In *Hurd* v. *City of Elizabeth, supra,* it was held that
a receiver appointed in a foreign jurisdiction might sustain
a suit to recover property in the courts of New Jersey pro-
vided the rights of creditors did not intervene. It does not
decide that a receiver had the right to take property as
against an attachment creditor. Counsel also cite *Chicago,*
*etc., R. Co.* v. *Keokuk, etc., Co.,* 108 Ill. 317 ; *Bagby* v.
*Atlantic, etc., R. Co.,* 86 Pa. St. 291 ; *Killmer* v. *Hobart,* 58
How. Pr. (N. Y.) 452. In *Bagby* v. *Atlantic, etc., Co.,*
*supra,* it was held that where a receiver had been appointed
by the courts of another state, the courts of Pennsylvania,
on the ground of comity, would recognize his appointment
provided the same did not conflict with the rights of citizens
of Pennsylvania, and further that a creditor residing in the
state where the appointment was made was so far bound by
the decree that he could not leave his own state to come into
Pennsylvania and attach the property of the corporation and

thereby avoid the effect of the appointment of a receiver by the courts of his own state. In *Chicago, etc., R. Co.* v. *Keokuk, etc., Co., supra,* the court held that the powers of a receiver are coextensive only with the jurisdiction of the court appointing him, and a foreign receiver will not be permitted, as against the claims of creditors resident within the state, to remove from the state assets of the debtor, it being the policy of every government to retain in its own hands the property of the debtor until all domestic claims against it have been satisfied. It was further held that where a receiver has once obtained rightful possession of personal property situate within the jurisdiction of his appointment, which he was appointed to take charge of, he will not be deprived of its possession though he take it in the performance of his duty into a foreign jurisdiction. In *Killmer* v. *Hobart, supra,* it was held that receivers appointed in New Jersey and operating a railway as such receivers in New York, but having property in their hands as such receivers in New York, could not be sued in the courts of the last named state and an attachment issued in such suit will be vacated.

The statute of New Jersey could have no effect beyond the territorial limits of that state. While it has been held in this and other states that a voluntary assignment for the benefit of creditors executed in one state transfers the title of property of the assignor wherever situate, it does not follow that title to the property of an insolvent passes to a receiver. The assignment is the act of the debtor; the right to transfer his property may be exercised by him independently of statute. Receivers are appointed by courts pursuant to statute. The act of the legislature is limited in its operation to the state.

The question under consideration has been decided by the Supreme Court of this State in the case of *Catlin* v. *Wilcox, etc., Co.,* 123 Ind. 477, 8 L. R. A. 62. The facts were as follows: Clapp & Davies, of Chicago, were indebted to cer-

tain judgment creditors in that city. They were also indebted to the Wilcox Silver Plate Company and others, of the state of Connecticut. At the same time, Bagley & Oberreich, at La Porte, Indiana, were indebted in a considerable sum to Clapp & Davies. One of the judgment creditors instituted proceedings against the firm in Chicago, and on April 14, 1897, Catlin was appointed receiver. The court made an order requiring Clapp & Davies to execute a deed of general assignment transferring all their partnership property and effects to the receiver. Subsequently, in the month of June, the Wilcox Silver Plate Company brought an attachment suit in the La Porte Circuit Court against Clapp & Davies, and Bagley & Oberreich as garnishees. Other creditors became parties thereto. Catlin, the receiver, intervened and claimed the property attached by virtue of his prior appointment. The attachment creditors were sustained. In the course of the opinion, the court say: "A receiver is nothing more than an officer or creature of the court that appoints him. His acts are those of the court, whose jurisdiction may be aided, but in no wise enlarged or extended, by his appointment. His power is only coextensive with that of the court which gives him his official character. While it has been held that a court may appoint a receiver, and authorize him to take possession of property in a foreign jurisdiction, the doctrine is universal that the appointment confers no authority which the receiver can exert over the property without the aid of the courts in whose jurisdiction it is found. The appointment of its own force gives him the right to take possession of the property, but it confers upon him no power to compel the recognition of that right outside the jurisdiction of the court making the appointment." Upon the question of non-resident attaching creditors, the court say: "It is said, however, that the principles of comity which control in aid of the receiver of a foreign court, who is seeking to obtain possession of a fund, should only be suspended in their operation in favor

of domestic creditors, and that inasmuch as the attaching creditors in the present case are all non-residents of the State, the aid of the court should have been extended to the receiver and denied the creditors.   While this position is not without support, it is not in our  view maintainable. Although non-residents, the attaching creditors are properly in our courts, pursuing a remedy which the statute confers upon foreign as well as domestic creditors.   Until the legislature shall declare a different policy, the rights of a foreign creditor against the property of a debtor must be regarded by the courts as in all respects the same as those of resident creditors, so far as respects proceedings in attachment and garnishment.   The rule which commends itself to our judgment is thus declared: 'Once properly in court and accepted as a suitor, neither the law, nor court administering the law, will admit any distinction between the citizen of its own state and that of another.   Before the law and its tribunals there can be no preference of one over the other.' *Hibernia Bank* v. *Lacombe,* 84 N. Y. 367; *Rhawn* v. *Pearce,* 110 Ill. 350; *Warner* v. *Jaffray,* 96 N. Y. 248; *Paine* v. *Lester,* 44 Conn. 196.   This rule governs the more recent decisions." In *Woolson* **v.** *Pipher,* 100 Ind. 306, it was held that the voluntary assignment of his property by a failing debtor in the state of Ohio for the benefit of his creditors where possession of his goods is not taken by the assignee, will not defeat the liens of attaching creditors.   To the same effect is *Pitman* v. *Marquardt,* 20 Ind. App. 431.

While counsel for appellants insist that the receivers having been appointed under the law of New Jersey, vesting in them the property of the Herring-Hall-Marvin Company, "wherever situate," prior to the bringing of the 'attachment proceedings by appellee, that the judgment of the trial court was without evidence to sustain it.   They further insist that the record shows that the receivers had taken actual possession of the property of the insolvent company, before the commencement of the attachment proceedings, and that

therefore even under the rule stated in *Woolson* v. *Pipher, supra,* requiring actual possession of the property to perfect appellants' title, the judgment must be reversed. Whether appellants had taken actual possession of the property in question before the commencement of the attachment proceedings was a question of fact to be determined by the trial court. The burden of showing the actual possession in the receivers was upon the appellants. We can not say after reading the evidence that the finding of the trial court upon this question was without support.

It is argued by counsel for appellee that the questions discussed by counsel for appellants can not be considered for the reason that it affirmatively appears that all the evidence introduced upon the trial of the cause has not been made a part of the record. As in our opinion the judgment of the trial court should be affirmed, we do not further refer to the question of the completeness of the record.

Judgment affirmed.