MARSH, ASSIGNEE, v. VAWTER.

No. 7566.

EXECUTION.— *Lien of.— Voluntary Assignment.*—The lien of an execution in the hands of a constable, on personal property, is not divested by a voluntary assignment of such property by the judgment debtor for the benefit of creditors, under the act of March 5th, 1859, 1 R. S. 1876, p. 142, and such constable may levy on such property in the hands of such assignee, and is entitled to the possession thereof as against the assignee.

From the Jennings Circuit Court.

*A. G. Smith,* for appellant.

*J. Overmyer,* for appellee.

SCOTT, J.—Before the 22d day of May, 1878, the appellee, Vawter, had placed in his hands, as constable, certain executions on judgments rendered against Henry Meyer, by a justice of the peace, in favor of various parties and for various sums, amounting in all to more than nine hundred dollars.

On the 22d day of May, 1878, Henry Meyer made an assignment to Marsh, the appellant, in trust, for the benefit of his creditors, of all his property, both real and personal. The assignment is conceded to have been made in

accordance with the act of March 5th, 1859, providing for voluntary assignments, etc. The assignee, Marsh, took possession of the property mentioned in the deed of assignment.

On the 4th day of June, 1878, Vawter, the appellee, as constable, by virtue of the writs of execution which had come to his hands previous to the 22d day of May, 1878, levied on a stock of goods, part of the property included in the deed of assignment from Meyer to Marsh, and of the value of six hundred dollars.

This action was brought by Marsh against Vawter, to recover the property thus levied on by Vawter, as such constable, by virtue of the writs of execution then in his hands. The cause was submitted to the court, and, at the request of the plaintiff, Marsh, the court made a special finding of facts, and its conclusions of law thereon. We have set out the facts sufficiently to present the only question argued by counsel in his brief.

The court found, as conclusions, that the executions, from the time they came into the hands of Vawter, were liens upon the property in controversy; that the assignment and transfer of the property did not divest the liens; that Vawter might lawfully levy upon the property in the hands of the assignee; and, having levied on the same, he was entitled to its possession as against Marsh, the assignee.

The conclusions of law were excepted to by the plaintiff, Marsh, and judgment was rendered for the defendant, Vawter.

It is claimed by the appellant, that the circuit court erred in its conclusions of law. The appellant admits that the executions were liens upon the property, but contends, that, as Meyer, the execution defendant, had made an assignment, the property assigned was in the hands of the court for distribution, and the execution plaintiffs were bound to go to the circuit court and have their liens ad-

justed, and get an order of the court, directing the assignee to pay their liens as preferred claims against the insolvent's estate.

We can not concur in this view of the law, as urged by appellant's counsel. We think the executions were liens upon the personal property of Meyer, the execution defendant, against all persons, from the time of their delivery to Vawter, the constable; and that the liens were not divested by reason of the assignment. 1 R. S. 1876, p. 146, sec. 13.

We are of opinion, that the court did not err in its conclusions of law.

The judgment is affirmed, with costs.