Filed May 18, 1894.

———————◆———————

No. 16,746.

### KING ET AL. *v.* SNEDEKER ET AL.

MASTER AND APPRENTICE.—*Marriage of Female Apprentice Before Term of Service Expires.*—The marriage of a female apprentice before the term of service expires does not amount to an abandonment of the indenture of apprenticeship by the apprentice, but annuls her indenture.

DECEDENT'S ESTATE.—*Claim Against Must be Enforced Through Administration.*—A creditor of a decedent's estate must proceed to enforce his claim against it through an administration, and can not,

in the first instance, sue the heirs, devisees or legatees, where there has been no administration.

From the Decatur Circuit Court.

*I. M. Sharp*, for appellants.
*C. Ewing*, for appellees.

HOWARD, C. J.—The appellants filed their complaint, in two paragraphs, against the appellees, the first paragraph alleging that in 1860 one John Snedeker entered into a written contract with Mary Rena Griffey, who was the mother of the appellant Mary King, whereby said appellant was bound as an apprentice to said Snedeker for a period of about sixteen years; that said Snedeker violated his covenants in said indenture, and that said appellant Mary King has been thereby damaged.

A copy of the indenture is also filed.

The second paragraph is like the first, except that it counts upon an indenture executed at the same time by one James Moody, overseer of the poor.

It is alleged, in each paragraph, that John Snedeker died testate in March, 1891, leaving the appellees as his only heirs at law, and that no executor or administrator has been appointed.

It is further alleged "that before the day on which said contract expired, to wit, May 1, 1876," the appellant Mary King was married to her co-appellant, Richard King, who, as husband, joins her in this action; that ever since such marriage she has been living with him as his lawfully wedded wife.

A demurrer for want of facts was sustained to each paragraph of the complaint; and upon the refusal of the appellants to amend or plead further, final judgment was rendered, from which this appeal followed.

Many objections are urged to the complaint.

It is first claimed that Mary King, by her marriage,

"abandoned and violated the indenture of apprentice-ship before the term of service expired." This conten-tion can not prevail, the statute (section 5334, R. S. 1881; section 7299, R. S. 1894) having expressly pro-vided that "the marriage of a female shall annul her in-dentures."

It is also contended that since the complaint shows that John Snedeker died testate, his devisees and lega-tees, and not his heirs, should have been made defend-ants to this action; and, still further, that as it appears that no administration has been had upon his estate, this action can not be brought against either heirs or devisees, under provisions of section 2442, R. S. 1881 (section 2597, R. S. 1894).

This last contention must prevail. A creditor of a de-cedent's estate must proceed to enforce his claim against it through an administration, and can not, in the first instance, sue the heirs, devisees or legatees where there has been no administration. *Wilson* v. *Davis*, 37 Ind. 141; *Leonard* v. *Blair*, 59 Ind. 510; *Stevens* v. *Tucker*, 73 Ind. 73; *Chandler* v. *Chandler*, 78 Ind. 417.

Counsel for appellants, however, contends that "a suc-cinct and definite statement" of the claim in this case, as required by section 2465, R. S. 1894 (section 2310, R. S. 1881), could not be made, owing to the special and peculiar nature of the claim.

The statute referred to provides that "any claim against the decedent" shall be so filed against the ex-ecutor or administrator, and it has often been decided by this court, that the statute requires no particular form of complaint, and that the statement of the claim will be sufficient when it apprises the administrator or executor of the nature of the claim, of the amount demanded, and shows enough to bar another action for the same de-

mand. *Huston, Admr.,* v. *First Nat'l Bank, etc.,* 85 Ind. 21.

The complaint in this case shows the nature of the claim, the amount demanded, has filed with it a copy of the contract of indenture upon which the claim is founded, and contains enough to bar another action for the same demand. This would have been sufficient if filed against the estate.

The demurrer to the complaint was, therefore, correctly sustained.

Other alleged defects in the complaint, including what is said as to the statutes of limitations, need not be further considered.

The judgment is affirmed.

Filed May 15, 1894.