## BAILEY, ADMINISTRATOR, v. WILSON.

[No. 7,350. Filed March 16, 1910.]

EXECUTORS AND ADMINISTRATORS.—*Claims Against.—Complaint.—Sufficiency of.*—A claim against a decedent's estate, containing a definite statement of the liability, the amount thereof, and facts sufficient to bar another claim therefor, is sufficient. *Bailey* v. *Miller, ante,* 475, followed.

From Probate Court of Marion County; *Frank B. Ross,* Judge.

Action by Sylvester F. Wilson against Andrew J. Bailey, as administrator of the estate of Jehu Miller, deceased. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Newton M. Taylor,* for appellant.

*Schuyler A. Haas* and *Elias D. Salsbury,* for appellee.

COMSTOCK, J.—Appellee filed his amended complaint in this cause against appellant who is the administrator of the estate of Jehu Miller, deceased, for breach of contract arising out of the sale of the right to use in Lucas county, Ohio, a certain patent for the construction of cisterns. This contract was executed by decedent and the plaintiff, on August 18, 1905.

A demurrer for want of facts was overruled to the complaint and an exception taken. Defendant stood upon the general denial which the law puts in as to claims against estates. The cause was submitted to a jury for trial, which resulted in a verdict against defendant for $500. Defendant's motion for a new trial was overruled and an exception

taken. Plaintiff filed a remittitur for all except $350, and judgment was rendered for that amount.

The first and second specifications of error challenge the sufficiency of the complaint, and the third, the action of the court in overruling appellant's motion for a new trial.

It is urged in behalf of appellee that, for various reasons, no question is presented as to the sufficiency of the complaint or the overruling of appellant's demurrer thereto, but, without considering this point, we have read the complaint and find that it contains a definite statement of appellee's claim, the amount thereof, and enough to bar another action therefor, and that, as a statement of a claim against an estate, it is sufficient. *King* v. *Snedeker* (1894), 137 Ind. 503; *Miller* v. *Eldridge* (1891), 126 Ind. 461; *Hileman* v. *Hileman* (1882), 85 Ind. 1; *Christian* v. *Highlands* (1903), 32 Ind. App. 104. In the case of *Bailey* v. *Miller* (1910), *ante*, 475, the sufficiency of the complaint was not passed upon, but substantially the same questions upon the merits of the controversy were decided which are sought to be presented in this appeal; and upon the authority of that case the judgment is reversed, with instructions to sustain appellant's motion for a new trial.