CHADWICK ET AL. *v.* LOUISVILLE JOINT STOCK LAND BANK ET AL.

[No. 15,293. Filed March 3, 1937.]

*Matt J. Murphy* and *Harding & Harding,* for appellants.

*Baker & Daniels,* for appellees.

CURTIS, J.—This was an action by the appellants to enjoin the appellees from proceeding with an execution and the levy upon and sale of certain real estate thereunder and to cancel and declare void a lien claimed under a judgment held by the appellee, Land Bank, insofar as it affected real estate in Montgomery County, Indiana, held by one James D. Wilson and by him conveyed as hereinafter stated to the appellants under an assignment for the benefit of his creditors.

The complaint was in two paragraphs to which later was added a supplemental complaint after the sheriff's sale was had alleging that the purported sale was void and that it was held without authority of law and praying that the sheriff be enjoined from executing a deed under the sheriff's certificate that had been issued and that the purported lien of the appellee be declared void and the title of the appellants to the real estate involved be quieted.

The first paragraph of the complaint which was filed before the actual levy and notice of sale, alleged that the property sought to be sold was in *custodia legis* and that the appellee had no lien and no right to levy upon and sell the same. It may be mentioned now that no injunction bond was given nor was there ever a restraining order issued in this cause.

The second paragraph of complaint was filed after the sheriff had actually levied and had commenced advertising the real estate for sale. This paragraph in detail set forth that the appellee, Land Bank, had sought to have a judgment transcribed and filed in Montgomery County, Indiana, so as to fix a lien on lands of the said Wilson located in said county. The judgment had been obtained in Fountain County, Indiana, and it was alleged in said paragraph of complaint that the attempted transcript did not comply with the statute in such matters, and by reason thereof created no lien in Montgomery County.

The appellants are the trustees under a voluntary assignment for the benefit of creditors made by the said James D. Wilson on the 22nd day of June, 1929, and a copy of the deed of assignment was made a part of said complaint. The said James D. Wilson at all times mentioned herein was a resident of Montgomery County, Indiana. There is no question raised in this appeal as to the general form or sufficiency of said assignment

for the benefit of creditors, and, therefore, we deem it unessential to lengthen this opinion by setting it out.

The appellees filed demurrers to each of these paragraphs of complaint which were overruled but no cross-errors are assigned in this court on these rulings. As previously stated the supplemental complaint asked that the sheriff be enjoined from conveying said real estate by deed at the end of the period of redemption, the contention being that the said sheriff's sale was void. After the said rulings upon the demurrers the appellees then filed answers in two paragraphs, each addressed to both paragraphs of the complaint and the supplemental complaint. The first of said paragraphs of answer set forth the attempted transcript and alleged that certain omitted matters therein were immaterial and that the transcript was sufficient to create a lien on Wilson's real estate in favor of the said Land Bank before the court took custody of the property under said assignment and that certain parties to the judgment who were primarily liable before the appellants' assignor was liable were either not within the court's jurisdiction or possessed no property and that by reason of these facts a prior exhaustion of the property of these parties was excused. In explanation it should be mentioned that the said finding and judgment in the Fountain Circuit Court against the said James D. Wilson contained the additional provision that he was surety only and that the property of certain other of his co-defendants should be first exhausted before execution should be levied against his property.

The second of said paragraphs of answer set up practically the same matters as the first and in addition alleged that after the sheriff's sale in Montgomery County, the appellees had caused an execution to be issued against those parties who were primarily liable before the appellants' assignor was liable and that said

execution had been returned unsatisfied. It was also alleged in this paragraph of answer that the appellants' beneficiaries were not purchasers for value, and, therefore, that regardless of whether or not there had been omissions in the transcript by the clerk of Fountain County, when said judgment was certified by him to Montgomery County, the appellants could not be harmed and that the rights of no third parties had intervened. To these paragraphs of answer the appellants filed separate and several demurrers for want of sufficient facts which the court overruled, whereupon the appellants refused to plead further and elected to stand on their said demurrers. The court then rendered judgment against them that they take nothing upon either paragraph of their complaint or upon their supplemental complaint and for costs.

The appellants in due time prayed an appeal to this court assigning as error first: "The court erred in overruling appellants' demurrer to appellees' answer to appellants' first paragraph of complaint and supplemental complaint. Second, the court erred in overruling appellants' demurrer to appellees' answer to appellants' second paragraph of complaint and supplemental complaint." The demurrer and the memorandum attached thereto raise the specific question to be decided in this appeal. The memorandum sets forth the appellants' contentions as to the sufficiency of said answer substantially as follows:

1. That the lien can only be established by strict compliance with the statute and that the answer shows that various essential elements are omitted.

2. That the pleadings show that the real estate sought to be levied on in Montgomery County was in *custodia legis* by reason of the assignment for the benefit of creditors which had previously been made by the said Wilson to these appellants.

3. That the transcribed judgment becomes a lien only when there has been a compliance with the methods prescribed by the statute and that any act done by the clerk of the Montgomery Circuit Court of his own accord in supplying omissions would not aid in creating the lien.

4. That the transcribed judgment as transcribed does not show the number of the cause nor the book and page where it was entered in Fountain County nor the date of the judgment nor the costs nor does the transcript show that it was certified under the hand and seal of the court.

5. That the allegations as to the property and residence of those parties to the judgment whose liability was prior to the liability of the said Wilson are not sufficiently stated.

6. That the fact that execution was issued out of the Fountain Circuit Court and returned unsatisfied as to the persons primarily liable as alleged in the answer is of no avail.

7. That the allegations in the answer that the appellants are not purchasers for value is of no avail and that if the appellees have a lien in Montgomery County it is by virtue of the said transcript.

The second paragraph of the complaint alleged specifically the reasons for the appellants' contentions that the said judgment never became a lien in Montgomery County, said reasons being mainly the alleged lack of essential formalities required by law in said transcript. It was also further alleged that said judgment did not become a lien under said transcript and that the execution was unavailing by reason of the fact that when the property was levied upon thereunder it had previously been placed in the custody of the court under said assignment for the benefit of creditors.

For an understanding of the questions presented a brief statement of the facts alleged in the pleadings out of which the litigation in the instant case grew, is desirable. Prior to March 1, 1929, James D. Wilson, who lived in Montgomery County, was the owner of a farm in Fountain County, Indiana, which had been mortgaged by a previous owner to the appellee Land Bank; that Wilson assumed and agreed to pay said mortgage and he in turn conveyed the land and his grantees in turn also assumed and agreed to pay the mortgage. Suit was brought in the Fountain Circuit Court for a foreclosure of said mortgage and on March 1, 1929, there was a decree entered foreclosing the mortgage and a personal judgment taken against Wilson and the others personally liable upon whom personal service had been obtained. There was a finding and judgment that Wilson should be held secondarily liable and that the property of one of the other co-defendants, one McClerg, should be exhausted before levying execution against Wilson's property in the event that the mortgaged property should not sell for a sufficient amount to satisfy the judgment.

The said real estate in Fountain County was sold under said judgment but failed by several thousand dollars to sell for enough to satisfy the entire judgment. On March 22, 1929, the alleged transcript herein was filed in Montgomery County. In June, 1929, the said James D. Wilson made his said assignment for the benefit of creditors. This was done before any execution was issued or levied for the sale of Wilson's real estate in Montgomery County. The execution herein involved was issued out of the Fountain Circuit Court on May 20, 1931. No question is made as to that court being the proper court out of which such execution should issue. It was directed to the sheriff of Montgomery County and sought to levy upon and sell the real

estate of Wilson and wife in Montgomery County to satisfy the deficiency judgment. The appellants' main contention may be stated to be that the assignment made for the benefit of creditors which was made in June, 1929, was a superior lien to any lien (if there was a lien) created by the transcript of judgment which we have heretofore mentioned. If the transcript of judgment was insufficient to create a lien in Montgomery County upon the real estate therein then there could be no doubt but that the appellants' contention is correct. The turning point, therefore, in the case is whether or not the transcribed judgment was sufficient in form and substance to create a lien upon the real estate of James D. Wilson and wife in Montgomery County. If it was thus sufficient to create such a lien then there could be no doubt but what the sheriff's sale, upon the execution under said judgment, ought not to be enjoined or interfered with in the instant case.

This leads to a consideration of the sufficiency of said transcript to create a lien on the Wilson real estate located in Montgomery County. It is to be noted from the pleadings that the transcribed judgment was dated March 1, 1929; that the transcript of the same was filed in Montgomery County on March 22, 1929; that the assignment for the benefit of creditors was made by Wilson on June 22, 1929, and that the execution herein sought to be enjoined was issued May 20, 1931. It is seen, therefore, that the said transcript of the judgment was filed in Montgomery County approximately 90 days before the said assignment for the benefit of creditors was made by Wilson to the appellants. The answer alleges also that on January 3, 1933, an execution was issued against the persons including McClerg, who were primarily liable in the Fountain County judgment and that such execution was returned unsatisfied.

The Act of 1929, being Chapter 83, Acts 1929,

§§2-2520, 2-2706 Burns 1933, §§392, 421 Baldwin's 1934, was in force at the time of the filing of the transcript of said Fountain County judgment in Montgomery County, the act having been made effective March 11, 1929, which date precedes the filing of said transcript by eleven days. We set out its parts affecting this appeal as follows:

"The clerk of the circuit court of each county shall keep a judgment docket in which he shall, upon the filing in his office of a statement or transcript of any judgment for the recovery of money or costs, as hereinafter provided, enter and index in alphabetical order a statement of such judgment showing:

(1) The names, at length, of all the parties, the name of the court, the number of the cause, the book and page of the record wherein the judgment is recorded, and the date of its rendition.

(2) The amount of the judgment and the amount of costs.

(3) If the judgment be against several persons, the statement shall be repeated under the name of each judgment debtor in alphabetical order.

Any person interested in any judgment for money or costs which shall have been rendered by any court of general original jurisdiction, state or federal, sitting in the State of Indiana, may file or cause to be filed, in the office of the clerk of the circuit court of any county in this state, a statement thereof setting forth the above facts, or a transcript of said judgment, duly certified, in either case, under the hand and seal of the court rendering said judgment; and such clerk shall thereupon forthwith enter the same upon the judgment docket in manner and form as aforesaid.

... All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction sitting in the State of Indiana, whether state or federal, shall be a lien upon real estate and chattels real liable to execution in the county where, and only where, such

judgment has been duly entered and indexed, in the judgment docket as provided by law, from and after the time the same shall have been so entered and indexed, and until the expiration of ten years from the rendition thereof, and no longer, exclusive of the time during which the party may be restrained from proceeding thereon by any appeal or injunction or by the death of the defendant, or by agreement of the parties entered of record."

With respect to the defendants McClerg and the other defendants in the Fountain County judgment who were primarily liable before Wilson the answer alleges that at no time after the judgment was entered did they or either of them "own any property in the State of Indiana subject to execution from which any money could be realized toward the payment or satisfaction of said judgment of the Fountain Circuit Court"; and that none of them resided in the State of Indiana. It also alleged that an execution was issued January 3, 1933, against them and that such execution was returned unsatisfied. We think these allegations of the answer coupled with the other allegations thereof rendered said answer sufficient to withstand said demurrers. It seems to us clear also that the facts alleged in the answer and admitted by the demurrer concerning the filing in Montgomery County of the transcript of the Fountain County judgment and the various entries made by the Montgomery County clerk were sufficient to charge a lien upon the Montgomery County real estate owned by the said James B. Wilson in favor of the appellee. The pleadings make no question but what the transcript was a true, correct, and complete transcript of the judgment and that it was certified by the clerk of the Fountain Circuit Court under the seal of the court and that it was filed and recorded in the office of the clerk of the Montgomery Circuit Court on March 22, 1929, and that the transcript was entered in full in the judgment docket of the

Montgomery Circuit Court and that the transcript showed the names of all the parties to the judgment and the amount and that costs had been taxed against the defendants and that it was properly indexed under the name of each of said defendants. The allegations lead us to believe that the judgment would be found under the name of James B. Wilson in the judgment docket in the clerk's office in Montgomery County, and that the provisions and recitals of the judgment would thereby be easily ascertained and that no one interested in the purchase of Montgomery County real estate from Wilson would or could be misled regarding this judgment against him.

· The appellants contend that the transcript was deficient in that the name of the court did not appear in the transcript. The judgment docket entry, however, in Montgomery Circuit Court states the name of the court and no one disputes the fact that the judgment was rendered in the Fountain Circuit Court, this fact being alleged in both the complaint and in the answer. The decree itself shows that it concerned the foreclosure of a mortgage in Fountain County and such a foreclosure could only be had in that county in the circuit court.

Complaint is also made of the failure of the transcript to show the exact amount of costs. The transcript affirmatively shows that costs were taxed against the defendants and it is generally known that final costs could not be stated in dollars and cents until the decree was carried out by the sale of the real estate under the order of sale.

Another objection made by the appellants is that the date of the judgment does not appear on the transcript, although the recitals of the transcript did show that the judgment was subsequent to January 21, 1929, and prior to March 22, 1929. There are no

priorities alleged to have been affected by the failure to state the date of the judgment, and in our opinion the alleged defect in this particular relied upon by the appellants would not be availing to them. The purely technical defects pointed out by the appellants are not sufficient in our opinion to show that there has not been a substantial compliance with the statute.

Assuming the record as to the transcribed judgment to be as stated in the pleadings, which of course must be done in testing the demurrer, we conclude that it is sufficient under the statute as notice to purchasers of the real estate from Wilson in Montgomery County and since the appellants by said assignment took said real estate from Wilson they have notice of the lien and must necessarily take it subject thereto. And the fact that the real estate sought to be sold under the execution in the instant case was so assigned to the appellants by Wilson after the lien attached in Montgomery County does not preclude the execution creditor from levying upon and selling the same under the execution.

The following authorities have been helpful: *Shattuck* v. *Cox* (1884), 97 Ind. 242; *Bradford, Sheriff et al.* v. *Newby et al.* (1891), 130 Ind. 59, 28 N. E. 619; *Marsh, Assignee* v. *Vawter* (1880), 71 Ind. 22; *Ades et al.* v. *Levi et al.* (1894), 137 Ind. 506, 37 N. E. 396; *Recker* v. *Kilgore* (1878), 62 Ind. 10; *Woolson* v. *Pipher* (1885), 100 Ind. 306.

The trial court correctly ruled on the demurrers. Judgment affirmed.