ATTORNEYS FOR APPELLANT
Kendra Gowdy Gjerdingen
Bloomington, Indiana

Cornelius B. Hayes
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES
Perry D. Shilts
Fort Wayne, Indiana

# In the
# Indiana Supreme Court

No. 02S03-0504-CV-00166

PAMELA S. FACKLER,

Appellant (Plaintiff below),

v.

MELVIN J. POWELL, JR., AND
M. JACK POWELL, JR., LIVING TRUST,

Appellees (Defendants below).

Appeal from the Allen Superior Court, No. 02D01-0302-PL-55
The Honorable Stanley A. Levine, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 02A03-0311-CV-453

**December 20, 2005**

**Sullivan, Justice.**

When Melvin Powell and Pamela Fackler divorced, they agreed to a property settlement that included Powell assenting to pay Fackler in the future a certain amount of money related to a construction project. A dispute later arose between Powell and Fackler over the precise amount owed. Fackler seeks to have this dispute adjudicated in a court other than the one that issued the dissolution decree. Precedent and policy dictate that this case should have been filed in the dissolution court.

**Background**

Pamela Fackler and Melvin Powell, Jr., were married on December 31, 1996. Fackler filed a petition for dissolution of the marriage on October 3, 2001, in the Allen Superior Court-Family Relations Division ("Dissolution Court"). During the divorce proceeding, Fackler and Powell agreed on a property settlement drafted by a mediator and approved by the Dissolution Court that was made part of the final dissolution decree of March 22, 2002. Pursuant to the settlement agreement, Powell assigned to Fackler a promissory note and mortgage executed in favor of Powell, payable on the sale of certain real property. After the sale, Powell paid Fackler $23,000 (plus accrued interest totaling $197.40), the amount he contends was owed in accordance with the assignment.

Fackler filed a complaint with the Allen Superior Court-Civil Division ("Trial Court") contending that she was entitled to $103,000. Powell responded and asserted that the complaint should be dismissed because the Dissolution Court held exclusive jurisdiction over the subject matter at issue. Both parties moved for summary judgment. The Trial Court held that it possessed subject matter jurisdiction over the matter and that "a genuine issue of material fact exist[ed] as to the intention of the parties with regard to the amount due to [Fackler]." Appellant's App. at 71.

The Court of Appeals agreed that the Trial Court correctly exercised jurisdiction over this matter, concluding that "property rights established with certainty in an unambiguous dissolution settlement agreement may be enforced by a court other than the court that issued the dissolution decree." Fackler v. Powell, 816 N.E.2d 476, 480 (Ind. Ct. App. 2004) (citing Johnson v. Johnson, 575 N.E.2d 1077, 1080 (Ind. Ct. App. 1991)). The Court of Appeals further determined that the settlement agreement unambiguously required Powell to pay Fackler $103,000. Id. at 481. Powell sought, and we granted, transfer. Fackler v. Powell, 831 N.E.2d 744 (Ind. 2005).

2

## Discussion

On appeal to this Court, Powell reasserts that the Trial Court lacked jurisdiction to determine the rights of the parties under the property settlement agreement. He argues that the Dissolution Court retained jurisdiction to interpret the terms of the agreement. We agree that the Dissolution Court retained jurisdiction over the matter in interpreting and enforcing its own decree and reverse the Trial Court for the reasons that follow.

## I

We start our analysis with the firmly established rule that a court that issues a dissolution decree retains exclusive and continuing responsibility for any future modifications and related matters concerning the care, custody, control, and support of any minor children. State ex rel. Werthman v. Super. Ct. of Marion County, 448 N.E.2d 680, 683 (Ind. 1983). Among the policy reasons supporting this rule is that deciding these matters frequently "involve factual determination[s] that substantial and continuing, changed circumstances render the existing terms unreasonable"; an inquiry that the dissolution court is in the best position to conduct. Giselbach v. Giselbach, 481 N.E.2d 131, 133 (Ind. Ct. App. 1985).

We recognize that the instant case does not precisely invoke this rule; Fackler did not seek to modify a support or custody arrangement or even to modify the property settlement. Instead, Fackler petitioned the Trial Court seeking clarification and enforcement—not modification—of the property settlement agreement. But even under these circumstances, we believe the interests of judicial efficiency and comity are best served by requiring litigants to seek clarification and enforcement of property settlement agreements in the dissolution court. Both precedent and broader policy considerations support this result.

We have previously held in such situations that a dissolution court may exercise continuing jurisdiction to reexamine a property settlement where "the nature of which is to seek clarification of a prior order." Thomas v. Thomas, 577 N.E.2d 216, 219 (Ind. 1991) (emphasis added) (citing Brownsing v. Brownsing, 512 N.E.2d 878, 881 (Ind. Ct. App. 1987)). See also Russell v.

Russell, 693 N.E.2d 980, 982 (Ind. Ct. App. 1998) (noting that the dissolution court may reopen a dissolution proceeding to clarify and enforce a property settlement agreement made pursuant to a divorce decree), transfer denied, 706 N.E2d 169; DeVoe v. DeVoe, 531 N.E.2d 1200, 1202 (Ind. Ct. App. 1988) (stating that the dissolution court retains jurisdiction to clarify the property settlement agreement of its divorce decree).

This jurisdictional grant to a dissolution court is warranted as an extension of "the necessary and usual powers essential to effectuate th[e marital] dissolution, [which] include[s] the power to interpret the court's own decree." Behme v. Behme, 519 N.E.2d 578, 582 (Ind. Ct. App. 1988). Fackler sought an interpretation of the settlement agreement to reflect her contention that Powell owed her $103,000 by its terms. Her complaint requested enforcement of the settlement according to its terms. Agreeing that the dissolution court that enters a property settlement agreement is in the best position to resolve such questions of interpretation and enforcement, we hold that dissolution courts retain jurisdiction to interpret the terms of their property settlement agreements and to enforce them.

## II

There is precedent for this result. In Anderson v. Anderson, 399 N.E.2d 391, 398 (Ind. Ct. App. 1979), the Court of Appeals held that, like custody and visitation matters, the court that conducts the divorce proceedings may also retain jurisdiction in property disputes emanating from a marriage dissolution settlement agreement. "[T]he trial court in a dissolution proceeding [is vested] with exclusive jurisdiction over all aspects of the marital relationship, including questions of property rights and child custody." Id. (emphasis in original).

In Anderson, Robert Anderson and Jane Anderson obtained a divorce in the Adams Circuit Court. The parties contemporaneously negotiated a property settlement agreement that was not submitted to the dissolution court. Jane Anderson later filed a complaint contesting the property division in the Wells Circuit Court. Robert Anderson argued that Jane Anderson's complaint was an impermissible collateral attack. The trial court agreed with Robert Anderson and dismissed Jane Anderson's complaint.

4

The Court of Appeals affirmed the trial court, finding "there [was] no question the dissolution court had jurisdiction." Id. at 400. The dissolution "court had the power and, indeed, the duty to decide questions pertaining to the marital property." Id. (emphasis in original). Accordingly, the court concluded that Jane Anderson's questions with respect to the divorce decree must be presented in a direct proceeding in the dissolution court. Id.

We find Anderson more persuasive than Johnson v. Johnson, 575 N.E.2d 1077 (Ind. Ct. App. 1991), the authority advanced by Fackler. In Johnson, Ruth and Allen Johnson obtained a divorce in Grant Superior Court II that incorporated a property settlement reached by the parties. Id. at 1079. Ruth Johnson subsequently brought an action in Carroll County to quiet title to a disputed parcel of land. Id. Allen Johnson sought a change of venue to Grant Superior Court II arguing that "clarification and enforcement of a dissolution decree [was] within the exclusive jurisdiction of the issuing court, and that Ruth's quiet title action [was] an impermissible collateral attack on the dissolution decree." Id. At 1079-80. The Carroll Circuit Court nevertheless assumed jurisdiction and quieted title to the disputed property in Ruth. Id.

The Court of Appeals upheld the Carroll Circuit court and found, contrary to Anderson, that a dissolution court does not retain jurisdiction to determine property rights after it has "fully discharged its duty by ordering the marriage of the parties dissolved and adjudicating their respective property rights." Id. at 1080. The Court of Appeals concluded that since Ruth brought suit in the county where the disputed property was located, the Carroll Circuit Court correctly exercised jurisdiction over the matter. Id. at 1079.

To the extent that Johnson stands for the proposition that litigation interpreting the dissolution decree in that case was properly prosecuted in Carroll Circuit Court rather than Grant Superior Court II, it is disapproved. The proper procedure was for the parties to have litigated their dispute over entitlement under the dissolution decree to ownership of the parcel in the dissolution court in Grant County. Following that adjudication, it might have been necessary to file a quiet title action in Carroll County. But the merits of the dispute turned on the proper interpretation of

5

the property settlement covered by the dissolution decree entered in Grant County, not on the fact of the real estate being located in Carroll County.

We find that a dissolution court's power to decide questions pertaining to marital property identified by the Court of Appeals in <u>Anderson</u> includes by implication "the necessary and usual powers to interpret [its] own decree." <u>Behme</u>, 519 N.E.2d at 582. Thus, in the interests of further promoting judicial efficiency and comity, we hold that absent some agreement of the parties to the contrary, that a court that dissolves a marriage retains jurisdiction to interpret the terms of its decree and decide questions emanating from its decree pertaining to its enforcement.

### III

This finding is consistent with our holding in <u>State ex rel. Meade v. Marshall Super. Ct. II</u>, 644 N.E.2d 87 (Ind. 1994), where we concluded that when "an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case." <u>Id.</u> at 88. Again, we believe such an approach serves the interests of litigants and the courts by promoting "fairness to litigants, comity between and among the courts of this state, and judicial efficiency." <u>Id.</u> at 88-89.

In <u>Meade,</u> Teri Lee Meade and Paul E. Levett obtained a divorce in the Marshall Circuit Court. In addition to granting the marriage dissolution, the Circuit Court also entered a custody order and set support obligations. Levett's new spouse later petitioned the Marshall Superior Court II for a permanent protective order to limit Meade's contact with her children. Meade filed a motion to dismiss the petition on grounds it was "an improper collateral attack on the visitation order of the Circuit Court." <u>Id.</u> at 88.

We concluded that "[t]he Superior Court must defer to the authority [of the Circuit Court] because Mrs. Levett's petition affects the same subject which is under the jurisdiction of the Circuit Court: the circumstances under which Meade could exercise her visitation rights." <u>Id.</u> at 89. We ultimately found that "the court where the divorce, custody, and visitation matters were heard [should] retain continuing jurisdiction over the case." <u>Id.</u> at 90.

6

Read narrowly, Meade is a custody case. But Chief Justice Shepard's opinion also speaks to two broad policy concerns—indeed, policy concerns that reach well beyond domestic relations cases altogether. The first is a policy of deference to a court in which an action is pending, a policy embodied in Trial Rule 12(B):

> When an action is pending before a court of competent jurisdiction, other courts must defer to that court's extant authority over the case. Courts observe this deference in the interests of fairness to litigants, comity between and among the courts of this state, and judicial efficiency. E.g., State ex rel. Ferger v. Circuit Court (1949), 227 Ind. 212, 84 N.E.2d 585. This principle is implemented by Trial Rule 12(B)(2), which allows a party to move for dismissal on the grounds that the same action is pending in another Indiana court. This rule applies where the parties, subject matter, and remedies of the competing actions are precisely the same, and it also applies when they are only substantially the same. See International Harvester Co., 265 Ind. at 178-79, 352 N.E.2d at 489-90.

Meade, 644 N.E.2d at 88-89. The second is a policy prohibiting collateral attacks on judgments:

> The prohibition against collateral attacks is long-standing. See State ex rel. McClure v. Marion Superior Court (1959), 239 Ind. 472, 158 N.E.2d 264 (vacating collateral injunction in favor of prior action involving appointment power of governor); State ex rel. Montgomery v. Superior Court (1958), 238 Ind. 664, 154 N.E.2d 375 (vacating collateral injunction in favor of pending action to establish possession of business). Such machinations are especially egregious in this context because the interests of children require stability and continuity in the legal process. Cf. In re Lemond (1980), 274 Ind. 505, 413 N.E.2d 228 (holding judges and attorneys in criminal contempt for permitting father to attack collaterally mother's custody of child through sham Child in Need of Services action).

Meade, 644 N.E.2d at 89.

7

## IV

In her brief and in oral argument, Fackler maintained that her claim of entitlement to the $103,000 was brought both against Powell and Powell's "Living Trust, two separate legal entities. The Family Court which issued the [dissolution decree] would not have had personal jurisdiction or subject matter jurisdiction over the non-party to the divorce action, that being the Living Trust." Appellant's Br. in Resp. to Pet. to Trans. at 9. Fackler did not present any authority for this proposition in her brief; at oral argument, she cited Miller v. Partridge, 734 N.E.2d 1061, 1064 (Ind. Ct. App. 2000), and Kiltz v. Kiltz, 708 N.E.2d 600, 602 (Ind. Ct. App. 1999), transfer denied, 726 N.E.2d 302. These cases both address the question of whether a child designated in a property settlement agreement as the beneficiary of a parent's life insurance policy is a third-party beneficiary of the settlement agreement, entitled to enforce the designation. But neither case involved a claim by one of the parties to the dissolution nor addressed the propriety of bringing such a claim in a court other than the dissolution court. Fackler has not persuaded us that it would have been improper to join the Living Trust in an enforcement action in the Dissolution Court or that she would not have been able otherwise to enforce a judgment obtained from the Dissolution Court against the Living Trust.

## Conclusion

Fackler should have filed her complaint in the Dissolution Court under the original cause number of the dissolution. Because Fackler failed to file her complaint in the Dissolution Court and Powell timely objected to the trial court's exercise of jurisdiction, we find that the Trial Court erred in not dismissing Fackler's suit for lack of jurisdiction.

We reverse the trial court and direct that it dismiss Fackler's complaint.

Shepard, C.J., and Rucker, J., concur. Boehm, J., dissents with separate opinion in which Dickson, J., concurs.

8

**Boehm, Justice, dissenting.**

I respectfully dissent. The majority describes this action as one seeking "clarification and enforcement" of the Settlement Agreement. But the Settlement Agreement and marital decree conclusively determined the parties' property rights. It seems to me that Fackler's claim was simply a suit to collect on the note that was assigned to her in the divorce proceedings and therefore Fackler was free to seek enforcement of the note in any court of competent jurisdiction. Because she also sought foreclosure of a mortgage, she was required to proceed in a court of the county where the real estate is located.

In my view, the Court of Appeals correctly found that the parties' Settlement Agreement unambiguously assigned a promissory note and mortgage to Fackler. Although the Agreement referred to the note as "in the amount of $23,000.00," the note plainly called for the borrower to pay "$23,000 and the total of all documented construction costs, not to exceed Eighty Thousand Dollars ($80,000.00)." There is no dispute as to which note was to be assigned to Fackler, and the day after the Settlement Agreement was signed Powell executed an assignment of the note and mortgage with the note and mortgage attached as exhibits. It is clear that the jurisdictional statutes permit Fackler to bring an action upon the note in any Indiana circuit or superior court. See Ind. Code § 33-28-1-2 (2004) ("the circuit court has original jurisdiction in all civil cases . . . except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction"); State v. Monfort, 723 N.E.2d 407, 414 (Ind. 2000) (superior courts are courts of general jurisdiction).[1] A suit to foreclose the mortgage must be filed in the county in which the property is located. See I.C. § 32-30-10-3; Chadwick v. Louisville Joint Stock Land Bank, 103 Ind. App. 224, 230-31, 6 N.E.2d 741, 743-44 (1937) (foreclosure of mortgage must proceed only in a court in county in which lands are located). The dissolution statute provides that the dissolution court retains jurisdiction to modify property dispositions only where there is an allegation of fraud, where the parties to a property settlement agreement expressly reserve to the dissolution

---

[1] In a factually similar case, the Hawaii Supreme Court held that following a divorce, a wife could seek enforcement of a note, which named the wife as payee and which had been incorporated into the parties' property settlement agreement, in either the family court which had issued the divorce or in the state's civil courts. Brooks v. Minn, 836 P.2d 1081, 1085 (Haw. 1992). The Court further held that the wife-payee could enforce collection in Hawaii's circuit courts of general jurisdiction and that the family court that rendered the dissolution did not have exclusive jurisdiction to enforce the note. Id. at 1085. The Court emphasized that its decision in no way undermined the family court's exclusive jurisdiction over matters that are subject to modification by a post-divorce decree (i.e. spousal maintenance and child support orders). Id. at 1085-86.

court a power of subsequent modification, or where the parties to a property settlement agreement consent to modification. I.C. §§ 31-15-7-9.1, 31-15-2-17. In this case, there was no reservation of post-decree jurisdiction in the dissolution court to modify the Settlement Agreement. Nor did the parties consent to any subsequent modification, and there is no allegation of fraud. Therefore, no statute mandated exclusive jurisdiction by the dissolution court over Fackler's claim.

I believe that the majority's rule will generate unnecessary litigation. When a post-dissolution default occurs on a note secured by a mortgage, parties may be forced to bring two lawsuits, first in the dissolution court and then a second in the county where property is located. The same multiplication of suits will be required if no real estate is involved but the defaulting party is outside this state. Although there is continuing jurisdiction in the dissolution court over both parties to declare the rights of the parties, a second suit in another state will be required to enforce that ruling.

I agree with the majority that the dissolution court is the proper forum in which to seek clarification of an ambiguous decree if there is a genuine issue as to the ownership of the asset. However, the majority opinion sweeps more broadly, suggesting that a dissolution court retains exclusive jurisdiction over *both* interpretation of its property settlement decrees and enforcement of rights in property when ownership is established by those decrees. In my view, where the division of property in the divorce decree is clear and one party is merely seeking validation of his or her claim of ownership to real estate awarded in the property settlement agreement, that party should be free to proceed in the county where the property is located without first returning to the dissolution court. That is what happened in <u>Johnson v. Johnson</u>, 575 N.E.2d 1077 (Ind. Ct. App. 1991), and I see no reason why it should not be permitted. This result conserves judicial resources and avoids unnecessary litigation and expense to the parties. In the present case, since the property settlement agreement unambiguously assigned the note and mortgage to Fackler, the dissolution court had no further role to play, and Fackler was entitled to seek enforcement of the note and foreclosure on the mortgage in a court of general jurisdiction, including the Allen Superior Court-Civil Division.

Dickson, J., concurs.