BOEHM, Justice,
dissenting.
I respectfully dissent. The majority describes this action as one seeking "clarification and enforcement" of the Settlement Agreement. But the Settlement Agréement and marital decree conclusively determined the parties' property rights. It seems to me that Fackler's claim was simply a suit. to collect on the note that was assigned to her in the divorce proceedings and therefore Fackler was free to seek enforcement of the note in any court of competent jurisdiction. Because she also sought foreclosure of a mortgage, she was required to proceed in a court of the county where the. real estate is located.
In my view, the Court of Appeals correctly found that the parties' Settlement Agreement <- unambiguously assigned a promissory note -and mortgage to Fackler. *171 Although the Agreement referred to the note as "in the amount of $23,000.00," the note plainly called for the borrower to pay "$23,000 and the total of all documented construction costs, not to exceed Eighty Thousand Dollars ($80,000.00)." There is no dispute as to which note was to be assigned to Fackler, and the day after the Settlement Agreement was signed Powell executed an assignment of the note and mortgage with the note and mortgage attached as exhibits. It is clear that the jurisdictional statutes permit Fackler to bring an action upon the note in any Indiana circuit or superior court. See Ind. Code § 83-28-1-2 (2004) ("the circuit court has original jurisdiction in all civil cases ... except where exclusive jurisdiction is conferred by law upon other courts of the same territorial jurisdiction"); State v. Monfort, 728 N.E.2d 407, 414 (Ind.2000) (superior courts are courts of general jurisdiction).[1] A suit to foreclose the mortgage must be filed in the county in which the property is located. See I.C. § 32-30-10-3; Chadwick v. Louisville Joint Stock Land Bank, 103 Ind.App. 224, 230-81, 6 N.E.2d 741, 748-44 (1937) (foreclosure of mortgage must proceed only in a court in county in which lands are located). The dissolution statute provides that the dissolution court retains jurisdiction to modify property dispositions only where there is an allegation of fraud, where the parties to a property settlement agreement expressly reserve to the dissolution court a power of subsequent modification, or where the parties to a property settlement agreement consent to modification. I.C. §§ 81-15-7-9.1, 31-15-2-17. In this case, there was no reservation of post-decree jurisdiction in the dissolution court to modify the Settlement Agreement. Nor did the parties consent to any subsequent modification, and there is no allegation of fraud. Therefore, no statute mandated exelusive jurisdiction by the dissolution court over Fack-let's claim.
I believe that the majority's rule will generate unnecessary litigation. When a post-dissolution default cccurs on a note secured by a mortgage, parties may be forced to bring two lawsuits, first in the dissolution court and then a second in the county where property is located. The same multiplication of suits will be required if no real estate is involved but the defaulting party is outside this state. Although there is continuing jurisdiction in the dissolution court over both parties to declare the rights of the parties, a second suit in another state will be required to enforce that ruling.
I agree with the majority that the dissolution court is the proper forum in which to seek clarification of an ambiguous decree if there is a genuine issue as to the ownership of the asset. However, the majority opinion sweeps more broadly, suggesting that a dissolution court retains exclusive jurisdiction over both interpretation of its property settlement decrees and enforcement of rights in property when ownership is established by those decrees. In my view, where the division of property in *172 the divorce decree is clear and one party is merely seeking validation of his or her claim of ownership to real estate awarded in the property settlement agreement, that party should be free to proceed in the county where the property is located without first returning to the dissolution court. That is what happened in Johnson v. Johnson, 575 N.E.2d 1077 (Ind.Ct.App.1991), and I see no reason why it should not be permitted. This result conserves judicial resources and avoids unnecessary litigation and expense to the parties. In the present case, since the property settlement agreement unambiguously assigned the note and mortgage to Fackler, the dissolution court had no further role to play, and Fackler was entitled to seek enforcement of the note and foreclosure on the mortgage in a court of general jurisdiction, including the Allen Superior Court, Civil Division.
DICKSON, J., concurs.

. In a factually similar case, the Hawaii Supreme Court held that following a divorce, a wife could seek enforcement of a note, which named the wife as payee and which had been incorporated into the parties' property settlement agreement, in either the family court which had issued the divorce or in the state's civil courts. Brooks v. Minn, 73 Haw. 566, 836 P.2d 1081, 1085 (1992). The Court further held that the wife-payee could enforce collection in Hawaii's circuit courts of general jurisdiction and that the family court that rendered the dissolution did not have exclusive jurisdiction to enforce the note. Id. at 1085. The Court emphasized that its decision in no way undermined the family court's exclusive jurisdiction over matters that are subject to modification by a post-divorce decree (ie. spousal maintenance and child support orders). Id. at 1085-86.